```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

CHARDONNAY VILLAGE                            CIVIL ACTION
CONDOMINIUM ASSOCIATION,
INC.

VERSUS                                        NO: 06-4878

JAMES RIVER INSURANCE                         SECTION: J
COMPANY
```

### ORDER AND REASONS

Before the Court is Defendant James River Insurance Company's **Motion to Strike Anthony DiSimone as an Appraiser for Chardonnay Village Condominium Association, Inc. (Rec. Doc. 90).** This motion, which is opposed, is set for hearing on August 6, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted.

### Background Facts

This matter arises out of damages sustained due to Hurricane Katrina.  Defendant issued a policy of insurance to Plaintiff covering forty-six (46) condominium buildings and other

structures situated in a condominium complex against damages caused by wind and rain.  Plaintiff alleges that Defendant undervalued the cost of repairing the wind and rain damages suffered and filed suit to recover its uncompensated losses.[1]

## Discussion

Pursuant to the terms of the insurance policy, Plaintiff requested appraisal[2] and nominated Anthony DiSimone ("DiSimone") as its appraiser.[3]  In support of its motion to strike DiSimone, Defendant argues that the policy requires the appraiser to be "competent and impartial," and that DiSimone is neither.  As such, Defendant moves for an order striking DiSimone as

---

[1] To date, Defendant has paid Plaintiff $279,117.60.  After crediting this payment as well as the $150,000 deductible, Plaintiff alleges that it is owed an additional $418,412 to complete the wind and rain related repairs.

[2] The insurance policy explains the appraisal process as follows:

> 2.  Appraisal
>
> If we and you disagree on the value of the property or the amount of the loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding . . .

[3] Plaintiff originally retained the services of DiSimone as its public adjuster.

Plaintiff's designated appraiser and for this Court to direct Plaintiff tp appoint another person as its designated appraiser who is both impartial and competent.

Specifically, Defendant argues that DiSimone lacks impartiality due to the fact that he has what amounts to a contingency fee-based contract with Plaintiff. In support of its argument that DiSimone's contract is based on contingency, and therefore impermissible, Defendant states that the contract between Plaintiff and DiSimone specifically allows for DiSimone to collect a percentage of the recovered claim on the policy.

In opposition, Plaintiff argues that DiSimone's hourly-based fee contract is not a contingency agreement and does not render him biased nor does it disqualify him from the appraisal process. Plaintiff explains that the contract sets forth an hourly-based fee with a percentage cap, and that such percentage maximums are permissible under Louisiana law.

In reply, Defendant re-urges that DiSimone is a "party in interest" who has a financial interest in the outcome of Plaintiff's recovery, and as such, has a financial motive to inflate the amount of the loss.

This Court determines that DiSimone does have an interest in the litigation due to the contract he entered into with Plaintiff. While the contract does quote an hourly rate, it also includes an alternative percentage of recovery formula which

increases as the money recovered from Defendant increases.  In this way, DiSimone's contract more closely resembles a contingency fee contract which impermissibly renders him a partial, interested party.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Strike Anthony DiSimone as an Appraiser for Chardonnay Village Condominium Association, Inc. (Rec. Doc. 90)** should be and hereby is **GRANTED.**

New Orleans, Louisiana this 6th day of August, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE